UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RUTH E. SEE,

      Plaintiff,

      v.

CASE NO: 5:22-cv-00658-JSM-PRL

ALINA COMMUNITY CENTER AT MOUNT DORA, LLC., a Florida Limited Liability Company

      Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

The Parties, by and through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement and for dismissal, with prejudice, of the instant action. In further support hereof, the Parties state the following:

1. Plaintiff, RUTH E. SEE, a former employee of Defendant, ALINA COMMUNITY CENTER AT MOUNT DORA, LLC, filed the instant lawsuit in the Southern District of Florida, on December 14, 2022 [Doc. 1].

2. Plaintiff contends in her Complaint and Demand for Jury Trial that Defendant failed to pay Plaintiff overtime pay for the overtime hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3. Plaintiff estimates that she was owed $12,060.00 in overtime pay. She further claims she would be owed an additional $12,060.00 in liquidated damages, for a total of $24,120.00, excluding attorneys' fees and costs.

4. Defendants deny any amounts are owed as Plaintiff was properly paid for the amount of time Plaintiff worked.

5. Plaintiff calculated the alleged owed lost wages pursuant to Plaintiff's paystubs and timesheets.

6. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to Plaintiff's FLSA claims.

7. After a full review of the facts and information, the Parties agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

8. The Parties state that they have not entered into any agreements whatsoever that have not been disclosed to the Court.

## MEMORANDUM OF LAW

There are two ways in which claims for wage compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

I. **THE SETTLEMENT**

The Settlement Agreement is attached hereto as **Exhibit 1**. Under the terms of the Settlement Agreement, Defendants shall pay Plaintiff $4,017.36 in allegedly overtime pay and liquidated damages as consideration for the release.

The settlement also provides that Defendants will pay Plaintiff's counsel the sum total of $3,482.64 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

II. **ALL FACTORS RELEVANT TO THE "FAIRNESS" OF THE SETTLEMENT WEIGH IN FAVOR OF APPROVAL**

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed

3

compromises under different circumstances. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point for FLSA settlements, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Id.* at 1241 (citations omitted). Here, all of the aforementioned factors weigh in favor of approval of the settlement.

    **a.**    *There is no fraud or collusion behind the settlement*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. The Parties met via telephone conference and e-mail to discuss their respective positions. The Parties exchanged documents related to Plaintiff's pay records in an effort to calculate her alleged unpaid wages. Most importantly, the settlement amount was agreed upon by the Parties and considered to be fair and reasonable. Thus, there was no fraud or collusion behind the settlement.

    **b.**    *The complexity, expense, and length of future litigation militate in favor of the settlement*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. A trial would not take place for at least a year. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and Defendant would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

c. *<u>The stage of the litigation weighs in favor of approval of the settlement</u>*

This case is still in its very early stages. The Parties mutually agreed that Defendant would pay Plaintiff a total of $7,500.00. If the Parties are required to litigate, both sides will likely incur fees and costs that will quickly exceed the amount of overtime compensation at issue. Expending funds exceeding the amount demanded will render the purpose of litigation to be futile. Thus, the current stage of the litigation weighs in favor of approval of the settlement.

d. *<u>Plaintiff's probability of success on the merits is uncertain</u>*

Plaintiff's probability of success on the merits is not a certainty. Defendant denies Plaintiff's allegations as it is Defendant's position that Plaintiff was properly paid for all time worked. While Plaintiff might ultimately prevail if the case proceeds to trial, it is likewise possible Defendant will establish they fully paid all overtime and Plaintiff will recover nothing.

e. *<u>The Parties weighed the opinions of counsel in deciding whether to settle</u>*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle. After multiple conferences with Plaintiff regarding time records, pay stubs, and wage calculations, the settlement amount was deemed to be fair and reasonable. Counsel provided Plaintiff with a detailed breakdown of all amounts owed, which was presented to Defendant's counsel. After several discussions between the Parties, a joint settlement was reached.

### III. THE ATTORNEYS' FEES TO BE PAID AS PART OF THE SETTLEMENT ARE FAIR AND REASONABLE

This Court noted in *Dees* that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243. Such is the case here. The fees and costs to be paid under this settlement to Plaintiff's' counsel, $3,000.00, was negotiated separately from the amount to be paid to Plaintiff. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

### CONCLUSION

The Court should approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiff would seek at trial against the risk that Plaintiff

might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

**WHEREFORE**, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Dated this _8th day of February, 2024.

| | |
|---|---|
| *s/Anthony J. Hall* | *s/ Anthony M. Georges-Pierre* |
| Anthony J. Hall, Esquire | Anthony M. Georges-Pierre, Esq. |
| FL Bar No.: 40924 | FL Bar No. 0533637 |
| THE LEACH FIRM, P.A. | Jorge L. Costa, Esq. |
| 1560 N. Orange Ave., Suite 600 | FL Bar No. 1031513 |
| Winter Park, FL 32789 | REMER, GEORGES-PIERRE |
| Telephone: (407) 574-4999 | & HOOGERWOERD, PLLC |
| Facsimile: (833) 813-7513 | 2745 Ponce de Leon Boulevard |
| Email: ahall@theleachfirm.com | Coral Gables, FL 33134 |
| Email: yhernandez@theleachfirm.com | Phone: (305) 416-5000 |
| | Email: agp@rgph.law |
| | Email: jcosta@rgph.law |
| | Email: agpassistant@rgph.law |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of February, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send Notice of Electronic Filing to Counsel of Record.

*s/Anthony J. Hall*
Anthony J. Hall, Esquire